UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALONZO CHALEPAH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-11-99-M |
| ) | |
| KENNETH SALAZAR, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is an action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, seeking judicial review of a final determination of the United States Department of Interior ("DOI") recognizing certain tribal officials after a tribal leadership election conducted on March 20, 2010.

I.   Introduction

The Apache Tribe of Oklahoma ("Tribe") is governed by a Tribal Council that consists of all tribal members who are 18 years of age or older. The power to transact business and speak for the Tribe is delegated to an elected business committee, commonly known as the Apache Business Committee ("ABC"). The ABC consists of three officers - chairman, vice-chairman, and secretary-treasurer - and two additional members. At the conclusion of a leadership election the Apache Tribe of Oklahoma Election Regulations as ratified March 20, 1976, Amended February 5, 2008 ("Election Regulations") require the following Notice of Results to be posted:

> A statement pertaining to the conduct of the election, the correctness of the votes tallied and the election results shall be prepared by the chairperson of the Apache Tribal Election Board and signed by each member of the board on a form provided for that purpose. The Election Board Chairperson shall immediately make publicly known

1

> the results. The results will be posted on the door of the Apache Tribal Complex and Bureau of Indian Affairs, Anadarko Agency as soon as the vote tabulation is completed.

Administrative Record ("AR") 091.

Article XIII, Section of the Election Regulations provides:

> The Certification for Election shall be prepared after the protest period has lapsed or after all valid protest have been resolved by the Election Board. The Election Board will prepare a certification pertaining to the conduct of the election, the correctness of the votes tallied and the election results. The newly elected official business committee members shall take office immediately upon certification of election. Certification of the election occurs once the Election Board has notarized a statement of certification and published the certification in the Anadarko Daily News. The Business Committee shall serve as officers until their successors are elected and certified.

AR 091.

On March 20, 2010, the Apache Tribe of Oklahoma held their regular leadership election. Receiving the most votes were Louis Maynahonah, Chairman; Gloria Redbird, Vice Chairman; Marquita Carattini, Secretary; Karen Heminokeky, Committee Member; and Ribhard Bandderas, Committee Member. AR 183. After the tabulation of the election results the Apache Election Board ("AEB"), in accordance with the Election Regulations, posted Certification of the election results on the door of the Apache Tribal Complex and Bureau of Indian Affairs Anadarko Agency. AR 184. The posted Certification states:

### CERTIFICATION

> We hereby certify that the Apache Tribe General Election of March 20, 2010 for Apache Business Committee Members has been conducted in a fair and equitable manner and the count is correct as tallied by the Apache Election Board Members and Candidate Representatives. The results are:
>
> CHAIRMAN:
> Alonzo Chalepah                   78

| | |
|---|---|
| Nghia Ngu | 99 |
| Louis Archilta-Maynahonah | 143 |
| DeLorna Strong | 104 |

VICE-CHAIRMAN:

| | |
|---|---|
| Gloria Komardley Redbird | 152 |
| Herman Flute | 114 |
| Mary Prentiss | 115 |
| Paul Killsfirst | 40 |

SECRETARY/TREASURER:

| | |
|---|---|
| Marquita Carattini | 173 |
| Beverly Mattice | 105 |
| Apache Jim K. Wetselline | 145 |

AR 184.

On Wednesday, March 24, 2010, four days after the above election results were posted, several protests were submitted. AR 172. According to proposed amendments to the Apache Election Regulations, any member of the Apache Tribe can protest the conduct and correctness of a leadership election and request a recount of the ballots by submitting a challenge to the chairperson of the AEB by 4:30 p.m. the Wednesday following the official announcement of the election results. AR 195. The protests submitted on March 24, 2010 did not request a recount. AR 172 - 182. On March 29, 2010, the AEB, by letter to the Superintendent of the Anadarko Agency ("Superintendent"), deemed the results of the March 20, 2010 election invalid. AR 163   On April 2, 2010, the Superintendent, upon review of the documentation provided by the AEB, upheld the March 20, 2010 election after determining the only remedy available through the AEB was a recount of election ballots upon payment of a $1000 fee per protest. AR 151.

Upon receipt of the Superintendent's decision, the AEB on April 15, 2010 submitted its notice of appeal to the Southern Plains Regional Director of the Bureau of Indian Affairs ("Regional

Director"). AR 065. On April 19, 2010 the Regional Director reviewed the matter and vacated the decision of the Superintendent pending the AEB's appeal. AR 106. On April 28, 2010 plaintiffs by letter informed the Bureau of Indian Affairs they would be scheduling a new election with the same candidates. AR 110. On May 19, 2010, the Acting Regional Director of the Southern Plains Regional Office of the Bureau of Indian Affairs ("Acting Regional Director") on an interim basis again recognized those persons who received the most votes in the March 20, 2010 election as the new Business Committee. AR 115. On May 23, 2010, the AEB submitted its Notice of Appeal and Statement of Reasons to the Department of the Interior, Office of Hearing and Appeals seeking deferral to its decision to schedule a new election. AR 65.

On June 19, 2010, during the Tribe's Annual Tribal Council meeting, held on the third Saturday in June each year, the Tribe voted to endorse the March 20, 2010 election. AR 32. On June 25, 2010 an Interlocutory Order was issued by the Assistant Secretary instructing the Regional Director to determine the validity of the Tribal Council meeting. The Assistant Secretary's Interlocutory Order also delegated to the Regional Director the authority to declare recognition of the winners of the March 20, 2010 election as the new Tribal Counsel and declare the AEB's appeal moot. AR 024. On June 28, 2010 the AEB responded to the Interlocutory Order announcing its intent to move forward with a new election. AR 009. On June 29, 2010, the Superintendent submitted proposed Facts of Findings with exhibits to the Regional Director recommending recognition of the Tribal Counsel meeting and its vote to recognize the March 20, 2010 election results. AR 005. On July 1, 2010 the Acting Regional Director found valid both the Tribal Council meeting and the 87 to 5 vote by the Council to certify those persons elected during the March 20, 2010 election. AR 001. The Acting Regional Director also rendered the AEB's appeal moot. AR

001. Plaintiffs now seek review of the Department of the Interior's decision certifying the March 20, 2010 election.

II.     Standard of Review

The APA provides that federal courts "cannot set aside an agency decision unless it fails to meet statutory, procedural or constitutional requirements, or unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Sac and Fox Nation of Missouri v. Norton*, 240 F.3d 1250, 1260 (10th Cir. 2001). The arbitrary and capricious standard of § 706(2)(A) has been explained by the Supreme Court as follows:

> The scope of review under the "arbitrary and capricious" standard is narrow and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made. In reviewing that explanation, we must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. The reviewing court should not attempt itself to make up for such deficiencies: We may not supply a reasoned basis for the agency's action that the agency itself has not given. We will, however, uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983) (internal quotations and citations omitted); *see State of New Mexico v. Bureau of Land Mgmt.,* 565 F.3d 683, 704 (10th Cir. 2009); *see also Cherokee Nation of Okla. v. Norton,* 389 F.3d 1074, 1078 (10th Cir. 2004).

"'[T]he "arbitrary and capricious" standard requires an agency's action to be supported by

the facts in the record.'" *Pennaco Energy, Inc. v. United States Dep't of the Interior,* 377 F.3d 1147, 1156 (10th Cir. 2004) (quoting *Olenhouse v. Commodity Credit Corp.,* 42 F.3d 1560, 1575 (10th Cir. 1994)). "Thus, agency action, whether it is classified as 'formal' or 'informal' . . . [must be] supported by 'substantial evidence' in the administrative record." *Id.*

III. Discussion

Article VII, Section 2, of the Constitution of the Apache Tribe of Oklahoma states that "the elected officers shall take office immediately upon certification of their election" and "shall serve until their successors are elected and certified." Article VII, Section 3 further states that "all elections shall be conducted according to an ordinance duly adopted by the business committee. . ." S*ee* Constitution of Apache Tribe of Okla. Feb. 5, 1972 as amended, art. VII (hereinafter, the "Constitution"); AR 083.

Plaintiffs offer several arguments in support of their position that the determination of the Department of the Interior, Bureau of Indian Affairs, recognizing the new tribal officials was arbitrary and capricious: 1) delegating resolution authority to the Regional Director after the Assistant Secretary assumed jurisdiction; 2) not deferring to the AEB to conduct a new election; and 3) deciding to recognize the new tribal officials in contradiction to Apache tribal law.

A. Delegation of Resolution Authority

Plaintiffs contend the Regional Director's final decision rendering this election dispute moot should be set aside because the Regional Director lacked authority to render such a decision. Plaintiffs contend because the decision in this matter was not issued by the Assistant Secretary of the Bureau of Indian Affairs or a Deputy of the Assistant Secretary, the decision did not comply with 25 C.F.R. § 2.20(c) and is thus procedurally defective. Plaintiffs also contend they were denied

6

the opportunity to address issues raised by the Department of the Interior in its Interlocutory Order.

Defendants contend the Regional Director did not issue a final decision in this matter. Defendants contend after assuming jurisdiction over the AEB's pending appeal the Assistant Secretary of the Bureau of Indian Affairs issued an Interlocutory Order on June 25, 2010 delegating limited tasks to the Regional Director in hopes that the Tribe had resolved the election dispute internally during its annual Tribal Council meeting held on June 19, 2010. The Regional Director was to establish whether the Tribal Council's ratifying of the election results was a valid act performed during a valid Tribal Council meeting. AR 024. Depending on the validity of the Tribal Council meeting and the vote to ratify the previous election, the Regional Director was to render AEB's appeal moot and declare the winners. AR 024. Defendants contend that by exercising the limited authority delegated by the Assistant Secretary the Regional Director did not issue a decision in the appeal. Defendants contend after AEB's appeal was rendered moot, the Regional Director was again vested with the authority to recognize the winners of the leadership election. *See, e.g., Williams v. Pac. Reg. Dir., BIA,* 39 IBIA 239 (2004). Defendants also contend plaintiffs have had numerous opportunities to express their position relative to this tribal election dispute including their own appeal that was pending before the Department prior to the Tribal Council's vote. AR 065.

"[T]he Supreme Court has uniformly recognized that one of the fundamental aspects of tribal existence is the right to self-government." *See Wheeler v. United States Dep't of Interior,* 811 F.2d 549, 551 (10th Cir. 1987). Following the tribe's fundamental right to self-government, the Assistant Secretary delegated limited authority in this case . The Assistant Secretary reserved the right to make a final decision in this matter if the Tribal Council was unable to resolve this election dispute internally. The Tribal Council made up of all tribal members 18 years of age or older

overwhelmingly voted eighty-seven to five to recognize the individuals elected during the March 20, 2010 election. Absent any Tribal authority prohibiting recognition of the Tribal Council's vote, the Court finds that plaintiffs have failed to establish that the Department acted arbitrarily or capriciously by recognizing the winners of the March 20, 2010 election.

B. <u>Deference to the Apache Election Board</u>

In support of their argument that the Department should have deferred to the AEB's decision to dismiss the March 20, 2010 election and schedule another election, plaintiffs assert the Acting Regional Director's decision misinterpreted the Tribe's Election Regulations to limit the AEB's authority in election challenges only to recounts of election results. Plaintiffs contend the Tribes's Election Regulations require the AEB not only to call for a recount of ballots but to prevent fraud or abuse of the election process, provide a statement pertaining to the conduct of the election and certify the election. Defendants contend plaintiffs fail to cite to any authority in the tribal Constitution or in any other applicable source of law that would provide for the dismissal of the March 20, 2010 election and the scheduling of a new election. The Court agrees. Although plaintiffs correctly cite to provisions within the Tribal Constitution and Election Regulations these provisions do not provide authority for the remedies sought by plaintiffs. Because plaintiffs fail to cite to any authority authorizing the AEB to deem an election invalid and schedule a new election the Court finds plaintiffs have failed to establish that the Department acted arbitrarily or capriciously by not deferring to the AEB.

C. <u>Recognition of New Officers</u>

Plaintiffs also assert the Department of the Interior acted arbitrary and capriciously by relying on the Resolution of the Supreme Governing Body # 06-19-2010-01 adopted by the Tribe

during the annual Tribal Council's meeting held on June 19, 2010. AR 032. Plaintiffs contend the June 19, 2010 annual Tribal Council meeting was not conducted in conformity with tribal law. Specifically, plaintiffs contend that contrary to the Tribe's Constitution the incumbent chair of the ABC was not allowed to preside at the meeting. Plaintiffs contend although the incumbent chairman was not in attendance for the regularly scheduled annual Tribal Council meeting due to illness the vice-chairman was there but was prevented from presiding. Plaintiffs contend because of the confusion during the annual meeting many tribal members did not attend and some tribal members left during the meeting leaving less than a quorum for the vote.[1] Plaintiffs contend because the group receiving the most votes during the election held on March 20, 2010 conducted or presided at the June 19, 2010 Tribal Council meeting that the Resolution recognizing the new officers was fraudulent and should not be relied upon by a federal agency.

Defendants contend the annual Tribal Council meeting held on June 19, 2010 was held pursuant to Article VI, Section 1 of the Tribe's Constitution on the third Saturday in June to receive reports and conduct tribal business. Defendants contend that because eighty-seven Tribal members voted to adopt the Resolution certifying the March 20, 2010 election and only five voted against adopting the Resolution the Tribe itself resolved this election dispute which included mooting AEB's appeal. AR 035. Defendants also contend the Tribe was in imminent danger of numerous harms including jeopardizing Indian Child Welfare services, child protection, and welfare, freezing the Tribes' access to Tribal funds, disruption of the continued operation of its casino and the

---

[1] Article VI, Section 1 makes no reference to a quorum requirement during the annual meetings of the Apache Tribal Council. The only reference made in the record before the Court to a required number of members at a meeting is found at Article VI, Section 2, of the Constitution of the Apache Tribe which requires a written request of fifty members of the Tribal Council in order to call a special meeting. AR 082.

resulting inability to meet the Tribe's parole. The defendants also contend the Department's actions were not arbitrary or capricious because for the Department not to recognize the Tribal Council's vote would be to violate the bedrock principle of tribal self-government. Defendants contend because these specific exigent circumstances are not addressed in the tribal law the Department did not violate any duty owed to plaintiffs.

Plaintiffs do not explain how the Department acted arbitrary and capriciously by relying on Resolution # 06-19-2010-01 adopted during the Tribe's constitutionally mandated annual Tribal Council's meeting. Plaintiffs fail to submit any evidence to substantiate there was not a quorum in attendance or a legal basis for not recognizing the Resolution passed. The Court finds that because the Tribe did vote to ratify the March 20, 2010 election during its constitutionally mandated annual Tribal Council meeting the Department's decision to accept the decision of the Tribe was not arbitrary or capricious or in violation of tribal law.

IV.   Conclusion

For the reasons set forth above, the Court finds that the Department's decision is AFFIRMED and Plaintiffs' Motion for Summary Judgment is DENIED [docket no. 24].

**IT IS SO ORDERED this 5th day of March, 2012.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE